**CENTRAL R. CO. OF NEW JERSEY v. MARTIN, State Tax Com'r of State of New Jersey, et al., and sixteen other cases.**

Nos. 5184, 5199–5206 (1934).

Nos. 5490–5497 (1935).

District Court, D. New Jersey.

Dec. 14, 1936.

Maximilian M. Stallman, of Newark, N. J., and Robert J. Bain, of Jersey City, N. J. (A. H. Elder, of New York City, of counsel), for plaintiffs.

David T. Wilentz, of Trenton, N. J., and Duane E. Minard, of Newark, N. J. (John J. Solan, of Trenton, N. J., of counsel), for defendants.

FORMAN, District Judge.

Nine of the above-listed causes have to do with railroad taxes imposed for the year 1934 and eight of them for the year 1935.

In each year temporary restraining orders were issued by this court at the prayer of the plaintiffs which have had the effect of staying the collection of the taxes.

Now the defendants move to vacate the restraints imposed and the plaintiffs press for preliminary injunctions in each case pending final adjudication.

Counsel for the plaintiffs include in their last brief submitted herein a reference to the case of the Reading Company v. Martin et al. (No. 5200), but that plaintiff is not affected by the issues discussed herein because it is represented that it has paid the taxes against it for the years 1934 and 1935 in full.

The plaintiffs known herein as the railroads carried appeals from the assessments against them to the New Jersey State Board of Tax Appeals which found against them.

Pursuant to section 14 of the Railroad Tax Act (P.L.1888, p. 278 [4 Comp.St. N.J.1910, p. 5271, § 458]) the Attorney General of New Jersey applied in 1935 and 1936 to a Justice of the New Jersey Supreme Court for orders that the taxes, interest, and costs should be made a record of the Supreme Court and judgments should be entered thereon in the name of the State of New Jersey. Such orders were actually entered in 1935 and 1936, but no further action was taken thereunder after the issuance of the restraining orders herein dated July 9, 1935 and June 9, 1936, respectively.

In brief the defendants contend that the said restraining orders should be vacated because:

1. There are no facts before the court to support such interlocutory relief; that no irreparable injury is threatened to the railroads and that the bills of complaint in each case are not sufficiently verified;

2. This court has no jurisdiction to entertain the bills of complaint because the application for injunctions have not been presented to a court constituted as required by section 268 of the Judicial Code (28 U.S.C.A. § 380) ;

3. Any injunctions granted in these cases are violative of section 265 of the Judicial Code (28 U.S.C.A. § 379) for the reason that they stay proceedings in a

state court, to wit, the State Board of Tax Appeals for the state of New Jersey; or they stay proceedings now pending before the New Jersey Supreme Court or a Justice thereof in aid of the enforcement of judgments of the said State Board of Tax Appeals or they stay proceedings now pending before the New Jersey Supreme Court or a Justice thereof for the entry of judgments and the issuance of executions for the collection of unpaid taxes.

4. The complaints on which the restraining orders were based fail to show that the railroads were without adequate remedies under the laws of the state of New Jersey;

The railroads repeat all of the grounds for the issuance of the preliminary injunctions urged by them in the 1932 and 1933 cases and the defendants repeat, in addition to the aforementioned reasons for the vacation of the restraining orders, the grounds they urged in opposing the 1932 and 1933 orders.

At this juncture in these proceedings the main difference in the status thereof and that of the 1932 cases is that here an additional step has been undertaken pursuant to Section 14 of the Railroad Tax Act, 4 Comp.St.N.J.1910, p. 5271, § 458 (supra).[1]

This makes necessary the determination of whether the issuance of the order of the Justice of the New Jersey Supreme Court in each of these cases constitutes such a prohibition under section 265 of the Judicial Code, 28 U.S.C.A. § 379 (supra) [2] as prevents the issuance of the restraining orders.

The defendants contend that the decision of the United States Supreme Court in the recent Dorrance Case (Hill v. Martin, 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293) gives such a theory forceful support. In that case the executors of the Dorrance estate took an appeal from the assessment by the New Jersey Tax Commissioner for inheritance taxes to the prerogative court of New Jersey. That court affirmed the assessment, which was then reviewed by the New Jersey Supreme Court upon a writ of certiorari sued out by the executors. The latter court affirmed the prerogative court and dismissed the writ of certiorari. Then suits were brought in the federal court under section 266 of the Judicial Code (28 U.S.C.A. § 380) to enjoin the collection of the tax. The injunction was denied for want of jurisdiction because of the prohibition contained in Section 265 of the Judicial Code (28 U.S.C.A. § 379). Dorrance et al. v. Martin et al. (D.C.) 12 F.

---

[1] "That if any tax under the provisions of this act shall remain unpaid in whole or in part for ten days after the expiration of the time limited for payment thereof, it shall be the duty of the attorney-general to apply forthwith to a justice of the supreme court for an order that said tax and the interest due thereon and a reasonable sum to be certified by said justice to be paid for the expense of said proceeding, shall be made a record of the supreme court, and judgment shall be entered therefor in the name of the state of New Jersey as plaintiff against said company, mortgagee or mortgagees, or other creditor, as defendant, which order shall be made upon the production of a certified copy from the comptroller of the certificate and report of the state board of assessors [a] on file in his office, and of the certificate of the comptroller that said tax has not been paid; the attorney-general shall also apply for an order that execution forthwith issue on said judgment, directed to a master of the court of chancery, to be named by said justice in said order; the said orders shall be respectively applied for on five days' notice to the company or mortgagee

or mortgagees or other creditor concerned, which notice, in case of any company, shall be served in the same manner as a summons is directed by law to be served upon a corporation, and in all cases the proceedings shall be summary; in case a certiorari shall have been granted, on application of the attorney-general the orders above provided for shall be made and enforced without prejudice to the right of the state to enforce the payment of any additional amount of tax which may be imposed and to apply for a second judgment therefor; in case a certiorari shall have been granted on application of any company or mortgagees or other creditor taxed, and the tax shall have been reduced after the payment thereof, then the excess shall be repaid by the state upon the order of the court, and the state comptroller shall, upon such order, issue his warrant for such payment accordingly. (P.L.1888, p. 278.)"

[2] "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

Supp. 746. This decision was affirmed by the United States Supreme Court because the proceedings were deemed judicial. It was stated in the decision that, "The prohibition of section 265 [28 U.S.C.A. § 379] is against a stay of 'proceedings in any court of a State.' That term is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. It applies to appellate as well as to original proceedings; and is independent of the doctrine of res judicata. It applies alike to action by the court and by its ministerial officers; applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective. The prohibition is applicable whether such supplementary or ancillary proceeding is taken in the court which rendered the judgment or in some other." 296 U.S. 393, at page 403, 56 S. Ct. 278, 282, 80 L.Ed. 293.

The proceedings under section 14 of the New Jersey Tax Act are not analogous to the inherently judicial proceedings considered in the Dorrance Case, supra. Under the last-mentioned section the action of the Justice of the New Jersey Supreme Court in ordering the tax to be made a judgment does not involve the exercise of any judicial function. He acts rather as a ministerial officer performing the formal administrative duty prescribed by statute to effectuate the tax lien. Hence these cases do not fall within the construction of the United States Supreme Court in the Dorrance Case and the action taken in the New Jersey Supreme Court with relation to the findings of the New Jersey Board of Tax Appeals does not bar injunctive orders of this court under section 265 of the Judicial Code (28 U.S.C.A. § 379).

Another issue is created in these cases which was not raised in the other cases and that concerns the charge of the defendants that the bills of complaint herein are not supported by adequate affidavits.

Federal Equity Rule 25, 28 U.S.C.A. following section 723, provides as follows: "If special relief pending the suit be desired the bill should be verified by the oath of the plaintiff, or some one having knowledge of the facts upon which such relief is asked."

To be sure the injunctions prayed for in these suits constitute "special relief" but the bills, in each case, are verified by the affidavits of officers of the plaintiff corporations who, by the nature of their offices, would most likely be the best informed persons in the corporations insofar as the subject matter of the suits is concerned.

There was no question of the intent of the Attorney General, as indeed it would be his duty under the New Jersey law, to seek to make the railroad properties pay the assessments, and to restrain such action pending final determination the injunction of this court is necessary and proper.

Further questions of the sufficiency of jurisdiction of this court over these proceedings are discussed at length in memoranda filed in the accompanying cases for the year 1932 and 1933. This court is constrained to the opinion that it has such jurisdiction and that until there is a disposition of the causes upon final hearing the railroads are entitled to temporary injunctions.

Accordingly the motions of the defendants to vacate the present restraining orders will be denied and the motions of the plaintiffs for preliminary injunctions will be granted pending the final hearing and determination of these causes.