KOHN ET AL., ADMINISTRATORS, *v.* CENTRAL DISTRIBUTING CO. ET AL.

No. 177. Argued March 1, 2, 1939.—Decided April 17, 1939.

*Mr. Harvey H. Smith* for appellants.

*Mr. J. J. Leary,* with whom *Messrs. Hubert Meredith,* Attorney General of Kentucky, *Clifford E. Smith,* and *Samuel M. Rosenstein* were on the brief, for appellees.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The Commonwealth of Kentucky, acting through its Commissioner of Revenue, brought suit in the Franklin Circuit Court of that State to recover the amount of a tax claimed to be due from the Central Distributing Company, a Kentucky corporation. A writ of attachment was issued and levied upon certain whiskey which appellants claimed was subject to their lien under a chattel mortgage executed by the company. The mortgagor was in default and appellants had taken possession of the property.

Contending that the statutes under which the tax was assessed and sought to be enforced (Alcohol Control Act, effective March 17, 1934, Alcohol Beverage Tax Act, effective May 1, 1936, and Alcohol Beverage Control Law, effective March 7, 1938) were invalid under the state constitution and also under the commerce clause, the contract clause, and the due process clause of the Fourteenth Amendment, of the Federal Constitution, appellants brought this suit in the federal court against the Commonwealth, on relation of the Commissioner of Revenue, and the Sheriff, to restrain the proceedings to collect the tax and to prevent the defendants from disposing of the property which had been attached.

Defendants moved to dismiss the petition upon the ground that the plaintiffs had an adequate legal remedy and that the court was without jurisdiction to grant the relief sought.

On hearing of the application for a temporary and permanent injunction, the District Court, composed of three judges, dismissed the petition. The court stated that it was its opinion that § 12 of the Alcohol Control Act of 1934 "furnishes petitioners an adequate remedy . . . to contest the validity of said Act and to recover any taxes collected from them by the State of Kentucky" thereunder. The case comes here on appeal. Jud. Code, § 266, 28 U. S. C. 380.

Appellants contest the ruling of the District Court, asserting that under. § 12 of the Act of 1934—the text of which is set forth in the margin [1]—the remedy is given

---

[1] Section 12 of the Act of 1934 (Carroll's Kentucky Statutes, Baldwin's 1936 Revision, § 4214a–23) is as follows:

"No suit shall be maintained in any court to restrain or delay the collection or payment of the tax levied by this Act. The aggrieved taxpayer shall pay with or without protest the tax as and when required and may at any time within two years from the date of such payment sue the Commonwealth through its agent, the Auditor of

only to the *taxpayer* and is not available to appellants, the taxpayer's mortgagees. The Commonwealth urges the contrary, but points to no decision of the state court which is decisive of that point.

Apart from that question, the Commonwealth insists that appellants had a plain and adequate remedy by appearing in the attachment suit in the Franklin Circuit Court where all issues as to the validity of the tax and the propriety of the proceedings for enforcement could be litigated and determined, with the ultimate right of review in this court of any federal question raised and decided. The Commonwealth points to the provision of the Civil Code of Practice of Kentucky, § 29,[2] under which any person claiming an interest in property which has been attached may file his petition stating his claim

Public Accounts, in an action at law in any court, state or federal, otherwise having jurisdiction of the parties and subject matter, for the recovery of the tax paid with legal interest thereon from the date of payment. If it is finally determined that said tax or any part thereof was wrongfully collected, for any reason, it shall be the duty of the Auditor of Public Accounts to issue his warrant on the Treasurer of the Commonwealth of Kentucky for the amount of such tax so adjudged to have been wrongfully collected together with legal interest thereon. The Treasurer shall pay the same at once out of the general expenditure fund of the State in preference to other warrants or claims against the Commonwealth. A separate suit need not be filed for each individual payment made by any taxpayer, but a recovery may be had in one suit for as many payments as may have been made."

[2] The text of § 29 of the Civil Code of Practice is as follows:

"In an action or proceeding for the recovery of real or personal property, or for the subjection thereof to a demand of the plaintiff under an attachment or other lien, any person claiming a right to, or interest in, the property or its proceeds, may, before payment of the proceeds to the plaintiff, file, in the action, his verified petition stating his claim and controverting that of the plaintiff; whereupon the court may order him to be made a defendant; and upon that being done, his petition shall be treated as his answer. But if he be a non-resident he must give security for costs."

and controverting that of the plaintiff in the attachment whereupon he may be made a defendant, his petition being treated as an answer. See, also, Carroll's Kentucky Statutes, Baldwin's 1936 Revision, § 950–1.

Appellants assert that the Franklin Circuit Court was without jurisdiction of ˉthe attachment suit, but that question, appropriately one for the decision of the state court, could manifestly be presented and determined in that action.

Appellants also state that in the present suit they asked the federal court to exercise its equity powers in their aid in the foreclosure of their mortgage, but it is apparent that this relief is merely incidental and that the main object of the suit is to restrain the proceedings in the Franklin Circuit Court which had been brought to enforce the collection of the tax.

This endeavor, aside from the application of the general principle governing the equity jurisdiction, encounters two positive statutory prohibitions; (1) that of § 265 of the Judicial Code (28 U. S. C. 379) providing that an injunction shall not be granted to stay proceedings in a state court (*Essanay Film Co.* v. *Kane,* 258 U. S. 358, 361; *Monamotor Oil Co.* v. *Johnson,* 292 U. S. 86, 97; *Hill* v. *Martin,* 296 U. S. 393, 403) ; and (2) the provision of the Act of August 21, 1937 (c. 726, 50 Stat. 738) amending the first paragraph of § 24 of the Judicial Code to the effect that "no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

The judgment is

*Affirmed.*