## BROWN MOTOR FREIGHT LINES, Inc., v. O'HARA et al.

### No. 49.

District Court, W. D. Michigan, S. D.
Sept. 28, 1939.

Troff & McKessy and John H. Bloem, all of Kalamazoo, Mich., for plaintiff.

Thomas Read, Atty. Gen., and James W. Williams, Asst. Atty. Gen., for defendants.

RAYMOND, District Judge.

The findings filed herewith obviate necessity for an extended opinion.

The controlling issue upon the pending motion for temporary injunction and upon defendants' motion to dismiss involves construction of Act 185 of the Public Acts of Michigan of 1937 which created a Michigan highway reciprocity board and prescribed its powers and duties. Plaintiff insists that under its provisions plaintiff is absolutely entitled (because it is an Indiana corporation engaged in interstate commerce) to reciprocity exemption from the mileage fees and license plate taxes imposed by the provisions of section 2 of Article IV of Act 254 of the Public Acts of Michigan of 1933. Defendants urge that under the provisions of Act 185 of 1937 and the reciprocity agreement entered into with the State of Indiana pursuant thereto, plaintiff's right to exemption must rest not alone upon the fact of its being an Indiana corporation and engaged in interstate commerce, but also upon a determination by the Michigan Public Utili-ties Commission (later the Michigan Public Service Commission) concerning the location of its "principal business headquarters". Plaintiff does not question the constitutionality of either of the Michigan statutes involved.

The court is of the opinion that under the provisions of Act 185 of the Public Acts of Michigan of 1937 and the reciprocity agreement entered into pursuant thereto, it is incumbent upon the plaintiff to show that it is eligible for the exemptions therein provided for and that under the provisions of paragraph 1 of Article I of said agreement it must show that it has its principal business headquarters within the State of Indiana in order to entitle it to said exemptions. This it has clearly failed to do.

It also appears that the suit is in violation of that portion of 28 U.S.C. sec. 41, subd. (1), 28 U.S.C.A. § 41(1), which reads: " * * * no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

If the Michigan Public Utilities Commission erred upon either the law or the facts in making its order of October 6, 1938, the order was subject to review by the Supreme Court of Michigan. In the case of Kohn v. Central Distributing Co., 306 U.S. 531, 59 S.Ct. 689, 83 L.Ed. 965, it was held, because of this provision, that a suit in the federal court will not lie where the state courts afford a plain, speedy and efficient remedy. See, also, Worcester County Trust Co. v. Riley, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268.

The court is also of opinion that the amount involved is not sufficient to invoke the jurisdiction of this court. Plaintiff urges that, because the penalty for nonpayment will be the seizure of its trucks and the ruination of its business, the value of the business is the amount in controversy. In the case of Healy v. Ratta, 292 U.S. 263, 269, 54 S.Ct. 700, 703, 78 L.Ed. 1248, it is said: " * * * But the possible suppression of the business here, through the prosecution of those who conduct it, is but the threatened consequence or penalty for nonpayment of the challenged tax. It is true that, where there is no method

at law to test the legality of a tax without risk of incurring a penalty, the imminence of the penalty may involve such a threat of irreparable injury as to satisfy the requirements of equity jurisdiction. See Matthews v. Rodgers, 284 U.S. 521, 526, 52 S.Ct. 217, 76 L.Ed. 447. But the inability of a taxpayer to litigate the validity of a tax without risk of irreparable injury to his business, which is ground for invoking the equity powers of a federal court, affords no measure of the value of the matter in controversy. Atlantic Coast Line R. Co. v. Railroad Comm. [D.C., 281 F. 321], supra. The disputed tax is the matter in controversy, and its value, not that of the penalty or loss which payment of the tax would avoid, determines the jurisdiction."

For these reasons, the bill of complaint must be dismissed.