HENDERSON, Administrator, Office of Price Administration, v. FLECKINGER et al.

No. 673 Civil Action.

District Court, E. D. Louisiana, New Orleans Division.

Jan. 2, 1943.

Herbert W. Christenberry, U. S. Atty., of New Orleans, La., David Ginsburg and Talbot Smith, both of Washington, D. C., Amos I. Coffman and A. A. White, both of Dallas, Tex., and Leon Sarpy, of New Orleans, La., for plaintiff.

Joseph Rosenberg, of New Orleans, La., for defendant.

CAILLOUET, District Judge.

The Emergency Price Control Act of 1942, Act Jan. 30, 1942, c. 26, 56 Stat. 23, 50 U.S.C.A. Appendix, §§ 901–946, was enacted by Congress for the declared purpose " * * * to stabilize prices and to prevent speculative, unwarranted, and abnormal increases in prices and rents; to eliminate and prevent profiteering, hoarding, manipulation, speculation, and other disruptive practices resulting from abnormal market conditions or scarcities caused by or contributing to the national emergency; to assure that defense appropriations are not dissipated by excessive prices; to protect persons with relatively fixed and limited incomes, consumers, wage earners, investors, and persons dependent on life insurance, annuities, and pensions, from undue impairment of their standard of living; to prevent hardships to persons engaged in business, to schools, universities, and other institutions, and to the Federal, State, and local governments, which would result from abnormal increases in prices; to assist in securing adequate production of commodities and facilities; to prevent a post emergency collapse of values; to stabilize agricultural prices, * * * ". 50 U.S.C.A. Appendix, § 901.

The administration and enforcement of the Act was entrusted to the Office of Price Administration, under the direction of a Price Administrator, whose principal office is in the District of Columbia "but he or any duly authorized representative may exercise any or all of his powers in any place." 50 U.S.C.A. Appendix, § 921.

Under the same section it is further provided as follows: "Attorneys appointed under this section may appear for and represent the Administrator in any case in any court."

Under the heading "Prices, rents, and market and renting practices", it is provided as follows:

"(b) Whenever in the judgment of the Administrator such action is necessary or proper in order to effectuate the purposes of this Act, he shall issue a declaration setting forth the necessity for, and recommendations with reference to, the stabilization or reduction of rents for any defense-area housing accommodations within a particular defense-rental area. If within sixty days after the issuance of any such recommendations rents for any such accommodations within such defense-rental area have not in the judgment of the Administrator been stabilized or reduced by State or local regulation, or otherwise, in accordance with the recommendations, the Administrator may by regulation or order establish such maximum rent or maximum rents for such accommodations as in his judgment will be generally fair and equitable, and will effectuate the purposes of this Act.

\* \* \* \* \* \* \*

" (d) Whenever in the judgment of the Administrator such action is necessary or

proper in order to effectuate the purposes of this Act, he may, by regulation or order, regulate or prohibit speculative or manipulative practices, * * * or renting or leasing practices (including practices relating to recovery of the possession) in connection with any defense-area housing accommodations, which in his judgment are equivalent to or are likely to result in * * * rent increases, * * * inconsistent with the purposes of this Act.

* * * * * * *

" (g) Regulations, orders, and requirements under this Act may contain such provisions as the Administrator deems necessary to prevent the circumvention or evasion thereof." 50 U.S.C.A. Appendix, § 902.

Section 4(a) of the Act, 50 U.S.C.A. Appendix, § 904, provides: "It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person * * to demand or receive any rent for any defense-area housing accommodations, or otherwise to do or omit to do any act, in violation of any regulation or order under Section 2 [section 902, of this Appendix], * * *."

Under Section 205(a) of the Act, 50 U.S. C.A. Appendix, § 925(a), it is provided that, whenever in the judgment of the Administrator, any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of Section 4 of said Act, 50 U.S.C.A. Appendix, § 904, said official may make application to the appropriate court for an order enjoining such acts or practices, "and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

The District Courts of the United States are vested with jurisdiction of criminal proceedings for violations of the said Section 4 of the Act, 50 U.S.C.A. Appendix, § 904, and, concurrently with State and Territorial Courts, of all other proceedings under Section 205 of the Act, 50 U.S.C.A. Appendix, § 925.

The Act defines the term "housing accommodations" as any buildings, structure, or part thereof, etc., "rented or offered for rent for living or dwelling purposes"; and the term "rent", as "the consideration demanded or received in connection with the use or occupancy or the transfer of a lease, of any housing accommodations." Section 302, or 50 U.S.C.A. Appendix, § 942.

In these proceedings, the Price Administrator alleges, in part, as follows: "3. In the judgment of the Administrator, defendant Mrs. C. Fleckinger, is engaging in acts and practices which constitute a violation of Section 4(a) of the Emergency Price Control Act of 1942, (Pub.L.No.421, 77th Cong. 2d Sess. c. 26), hereinafter called the Act, in that she is seeking to violate the provisions of Maximum Rent Regulation No. 45, Section 1388.8056, Sub-Section A (6) thereof, issued pursuant to Section 2(b) of the Act. Therefore, pursuant to Section 205(a) of the Act, the Administrator brings this action to enforce Section 4(a) of the Act and Section 1388.8056 of said Maximum Rent Regulation No. 45."

The further allegation is made that said defendant is lessor to Mr. and Mrs. Jaime Canlas of one-half of the double house, bearing Nos. 2112 and 2114 Urquhart Street, in New Orleans, La., i. e. of No. 2112, or 3 rooms and one bath; defendant, with her husband and two of her three daughters, occupying No. 2114, consisting of four rooms.

There is then quoted in part (in paragraph 11 of the petition) the Maximum Rent Regulation No. 45, Section 1388.8056 (amended October 19, 1942), as follows:

"(a) So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that the lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless: * * *

"(6) The landlord owned, or acquired an enforceable right to buy or the right to possession of, the housing accommodations prior to October 20, 1942, and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself. If a tenant has been removed or evicted under this paragraph (a) (6) from housing accommo-

dations, the landlord shall file a written report on a form provided therefor before renting the accommodations or any part thereof during a period of six months after such removal or eviction."

Plaintiff represents that judgment has been secured (in eviction proceedings filed subsequent to October 20, 1942) by said Mrs. Fleckinger, in the First City Court for New Orleans, Division A, against said Mr. and Mrs. Jaime Canlas, ordering their eviction from the leased premises, upon the asserted desire of the lessor to recover possession for her own immediate use and occupancy of said premises, whilst, as a matter of fact, the evidence before the Court was (allegedly) to the effect that Mrs. Fleckinger will actually make personal use of but one room of the heretofore rented three rooms and bath, her married daughter, whose husband has been inducted into the military service of the United States, having returned to live with her parents and it being convenient to recover possession of the leased half of the dwelling premises in order that the Fleckinger family, so increased, may be comfortably housed; and further represents that Mrs. Fleckinger seeks to execute said judgment of eviction by and through the Constable of said First City Court, the other defendant herein, James Dempsey.

Aside from the fact that the record is bare of even the suggestion that Mr. and Mrs. Jaime Canlas are of the class of persons which the Emergency Price Control Act of 1942 sought to protect from "undue impairment of their standard of living", 50 U.S.C.A. Appendix, § 901, it is noteworthy that plaintiff's petition and the three affidavits filed and submitted in support thereof, affirmatively establishes that the Associate Rent Attorney for the Office of Price Administration, Area Rent Office, New Orleans, La., was fully informed (in advance of the rendition of said judgment) of said court proceedings; and that although trial and submission to the Court was had on November 10, 1942, the proceedings were reopened by the Court, at the request of the Area Rent Attorney, and re-set for trial to take place on November 25, 1942; at which new hearing, then duly held, the aforementioned Associate Rent Attorney for the Office of Price Administration, Area Rent Office, New Orleans, La., was present and participating in behalf of the Area Rent Director (appointed by the Price Administrator, under authority conferred upon said official by the said Emergency Price Control Act of 1942, Section 201(a), or 50 U.S.C.A. Appendix, § 921(a); the judgment of eviction, the execution of which plaintiff now seeks to enjoin, having been thereupon rendered and signed on said November 25, 1942.

Section 265 of the U.S. Judicial Code, 28 U.S.C.A. § 379, specifically provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

As said the United States Supreme Court in Toucey v. New York Life Insurance Company, 1941, 314 U.S. 118, 62 S.Ct. 139, 143, 86 L.Ed. 100, the purpose and direction underlying the quoted statutory provision "is manifest from its terms", i. e. proceedings in State courts should be free from interference by Federal injunction.

This provision in the Judiciary Act of 1793 expresses on its face, says the Court, the duty of "hands off" by Federal courts in the use of the injunction process to stay proceedings in a State court.

Plaintiff contends, however, that this Court is not prohibited from granting the injunctive relief sought because, it is argued, the prohibition, as written, does not apply to suits for injunction brought by the United States; or, if this be not so, then it must be considered that Congress, as it did in the other situations detailed in the Toucey v. New York Life Insurance Co. Case, supra, has added a sixth exception to the bar prohibitive against Federal courts enjoining proceedings in State courts.

Under the circumstances present here, none of the cases cited in support of the first position (even if it be sound) are applicable; nor did Congress evince an intention to vest Federal courts with power to stay proceedings in a State court, with respect to the administration and enforcement of the Emergency Price Control Act of 1942—merely that proceedings under the Act, except criminal, may be brought either in the United States District courts or in State and Territorial courts, and in such proceedings (whether in Federal courts or the other) injunctive process is made available to the administrator "upon a showing" that the person proceeded against "has engaged or is about to engage" in the acts or practices denounced by the Act as constituting "a violation of any

provision of section 4 of this Act" 50 U.S.C.A. Appendix, § 904.

It can not be inferred that the special bar prohibitive against this Court's granting an injunction to stay proceedings in the State court has been lifted by this later Congressional statute.

Conceding for the present purposes what appears to be the doubtful legal right (though in no manner deciding either question) of the Price Administrator, under the factual set-up revealed by the record, to have otherwise resorted to court action (either in Federal or State court) for the purpose of enjoining Mrs. Fleckinger's attempted recovery of her premises, this would not warrant the assumption of authority by this Federal court to stay proceedings in the State court, even though the judgment, execution of which is sought to be prevented, had been rendered and signed under different circumstances than those affirmatively established by the plaintiff, himself. Toucey v. New York Life Insurance Company, supra, and Southern Railway Company v. Painter, Administratrix, 1941, 314 U.S. 155, 62 S.Ct. 154, 86 L.Ed. 116.

It is argued, however, that the sole purpose of the Price Administrator's appearance in this Federal Court is not to set aside the judgment rendered by the First City Court but "to enjoin the violation" of the Emergency Price Control Act of 1942 and the Maximum Rent Regulation No. 45, Section 1388.8056(a) (6), issued under authority of said Act by said Price Administrator; which violation "will result", it is represented, "from the execution of the judgment."

Even were such argument conceded to be otherwise sound, the fact remains that plaintiff's efforts are directed to the staying of proceedings in a State court, and that is just what Section 265 of the Judicial Code, 28 U.S.C.A. § 379, prohibits.

As said the United States Supreme Court, in Hill v. Martin, 1935, 296 U.S. 393, 56 S.Ct. 278, 282, 80 L.Ed. 293, viz.: " * * * The prohibition of section 265 is against a stay of 'proceedings in any court of a State.' That term is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. It applies to appellate as well as to original proceedings; and is independent of the doctrine of res judicata. It applies alike to action by the court and by its ministerial officers; applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective. The prohibition is applicable whether such supplementary or ancillary proceeding is taken in the court which rendered the judgment or in some other. * * *"

See also Oklahoma Packing Company v. Oklahoma Gas and Electric Company et al., 1940, 309 U.S. 4, 60 S.Ct. 215, 217, 218, 84 L.Ed. 537, and, particularly, the following language in said decision, viz.: " * * * The present suit, therefore, is one for an injunction 'to stay proceedings' previously begun in a state court. The decree below is thus within the plain interdiction of an Act of Congress, and not taken out of it by any of the exceptions which this Court has heretofore engrafted upon a limitation of the power of the federal courts dating almost from the beginning of our history and expressing an important Congressional policy—to prevent needless friction between state and federal courts. [Citing authorities]. That the injunction was a restraint of the parties and was not formally directed against the state court itself is immaterial. Hill v. Martin, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293. Cf. Kohn v. Central Distributing Co., 306 U.S. 531, 59 S.Ct. 689, 83 L.Ed. 965. * * *"

In the face of the absolute prohibition still contained in Section 265 of the Judicial Code, 28 U.S.C.A. § 379, this Federal district court is without power and authority to grant the injunctive relief sought by plaintiff; for which reason, let judgment so decreeing, and dismissing plaintiff's action, be forthwith entered.