UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA (CIO) et al. v. WESTINGHOUSE ELECTRIC CORPORATION.

Civ. A. No. 5749.

District Court, E. D. Pennsylvania.

April 4, 1946.

Saul C. Waldbaum, of Philadelphia, Pa., for plaintiffs.

Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

The petitioners, unincorporated trade union associations and certain officers thereof, have filed this bill of complaint and petition for declaratory judgment against the respondent, Westinghouse Electric Corporation, the employers of the workers allegedly represented by petitioners.

Seeking to assert "rights granted to them" by the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., the petitioners allege that they are the certified bargaining agents of the respondent's employees, and that the respondent is engaged in interstate commerce; they complain that certain enumerated property rights are in danger of irreparable injury because of the conduct of the respondent. The bill further avers that the petitioners are, and have been, since January 15, 1946, engaged in a peaceful strike. The gist of the complaint is that the respondent corporation has filed a "Bill of Complaint" in Common Pleas Court No. 4, for Philadelphia County, seeking a preliminary injunction until final hearing, and perpetually thereafter, against the instant petitioners to restrain them from conducting their strike; it is further averred that a hearing pursuant thereto was fixed by that Court for Monday, April 1, 1946 at 10 a.m.

The prayer of the instant bill requests, among other things, a preliminary restraining order enjoining the respondent corpo-

ration from "proceeding further or in any manner with the action instituted by it in the Court of Common Pleas Number 4, Philadelphia County, March Term, 1946, No. 2159." Since the bill was filed on Friday, March 29, and the hearing thereon held at 3:30 p.m. that day, it was necessary to dispose of the matter immediately to settle the controversy before the hearing scheduled by the state court. At the hearing on Friday, this Court granted the respondent's motion to dismiss after due consideration of the petition and the arguments of counsel. This memorandum is intended to cover more fully the basis of the Court's decision stated briefly at the time of the hearing.

It appears that it is the petitioners' position that the procedure of the respondent in instituting action in the Common Pleas Court is "not in accordance with lawful process and is in violation of Complainant's rights under the aforesaid statutes." The statutes referred to, presumably, are the Norris-LaGuardia Act and the National Labor Relations Act.

However, there is nothing in either statute that prohibits the institution, by either party involved in a controversy of this character, of proceedings in a state court, or that places exclusive jurisdiction in the federal courts.

The Norris-LaGuardia Act merely *restricts* the jurisdiction of federal courts to issue restraining orders in a case "involving or growing out of a labor dispute", except in strict accordance with certain sections thereof. The statute uses the term "court of the United States", and Section 113(d), 29 U.S.C.A., of the Act defines that term to mean "any court of the United States whose jurisdiction has been or may be conferred or defined or limited by Act of Congress." The Act, therefore, does not limit the jurisdiction of state courts. It was exclusively intended to curtail the equity jurisdiction of federal courts in the field of labor disputes. See Milk Wagon Drivers' Union v. Lake Valley Farm Products, 1940, 311 U.S. 91, 101, 61 S.Ct. 122, 85 L.Ed. 63; see also, 1939, 39 Op.Atty. Gen. 242, 246 which recognizes the division of powers between state and federal governments. Thus, while the substantive rights of the parties may depend on state law, jurisdiction in the federal courts to grant relief is limited by the Norris-LaGuardia Act. Lauf v. E. G. Shinner & Co., 1938, 303 U.S. 323, 58 S.Ct. 578, 82 L.Ed. 872.

The National Labor Relations Act declares the national policy with respect to labor disputes affecting interstate commerce. That expression prevails where it is in conflict with state law. Consolidated Edison Co. of New York v. National Labor Relations Board, 1938, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126. Notwithstanding, there is nothing in the Act to prevent either party involved in a labor dispute from instituting proceedings in a state court rather than a federal court. Cf. Allen-Bradley Local v. Wisconsin Emp. Rel. Bd., 1942, 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154. The difference in forum obviously could not involve a difference in substantive law, for it is too well settled to require citation of authority that where federal law is involved that must prevail, and where state law is applicable that must prevail, without regard to the forum. In the field of labor relations, this concept has been recognized by the state courts. Wisconsin Labor Relations Board v. Fred Rueping Leather Co., 1938, 228 Wis. 473, 279 N.W. 673, 117 A.L.R. 398; International Ass'n of Machinists v. State ex rel. Watson, 1942, 153 Fla. 672, 15 So.2d 485; Markham & Callow, Inc., v. Internat'l Woodworkers, 1943, 170 Or. 517, 135 P.2d 727; Park & Tilford Import Corp. v. International Brotherhood of Teamsters, Cal.Sup.1945, 155 P.2d 12.

However, the National Labor Relations Act does not preempt all state control: more specifically, the state police power. In Allen Bradley Local v. Wisconsin Employment Relations Bd., supra, 315 U.S. at page 748, 62 S.Ct. at page 825, 86 L.Ed. 1154, the Supreme Court stated:

"The only employee or union conduct and activity forbidden by the state Board in this case was mass picketing, threatening employees desiring to work with physical injury or property damage, obstructing entrance to and egress from the company's factory, obstructing the streets and public roads surrounding the factory, and picketing the homes of employees. * * *

"We agree with the statement of the United States as amicus curiae that the federal Act was not designed to preclude a State from enacting legislation limited to the prohibition or regulation of this type of employee or union activity. The Committee Reports on the federal Act

plainly indicate that it is not 'a mere police court measure' and that authority of the several States may be exerted to control such conduct."

And, 315 U.S. at page 750, 62 S.Ct. at page 826, 86 L.Ed. 1154, the Supreme Court expressly held that "the federal Act does not govern employee or union activity of the type here enjoined." It follows, therefore, that not only may proceedings be commenced in a state tribunal, to enjoin the striking unions, but also that if the state tribunal finds certain facts, it may issue a restraining order.

■ Particularly important to the instant action is the fact that since 1793, Congress has prohibited the granting of injunctions by federal courts to stay proceedings in state courts, subject to certain exceptions. 13 Cyc.Fed.Procedure Sec. 6675 (1944). Section 265 of the Judicial Code, 28 U.S.C.A. § 379, now in effect, provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." The federal courts, therefore, will not stay an action pending in a state court unless it falls within one of the recognized exceptions to the statute. Hill v. Martin, 1935, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293. The rule cannot be evaded by having the injunction run against the parties rather than the court. Union Central Life Ins. Co. v. McAden, D.C.N.D.Tex.1937, 21 F.Supp. 110, 111.

■ It is my opinion that the instant case does not fall within any of the recognized exceptions. 13 Cyc. of Fed.Procedure, Sec. 6677 (1944); cf. Davega-City Radio, Inc., v. Boland, D.C.S.D.N.Y.1938, 23 F.Supp. 969, 970. True, the respondents are under a duty to bargain in good faith with the petitioners. However, as held in the Allen-Bradley case, supra, the controversy which the respondents are litigating in the state court is not one over which the state's police power is preempted, and, as said in 315 U.S. at page 749, 62 S.Ct. at page 825, 86 L.Ed. 1154, "Congress has not made such employee and union conduct as is involved in this case subject to regulation by the federal Board." In the instant case the Bill of Complaint filed by respondent in the state court, falls within the type which was the subject of the Allen-Bradley case.

■ In any event, this court cannot assume that a state court will act without regard to the applicable law and without due consideration for the rights of the petitioners here. The contrary is true, and is amply demonstrated by the cases: Park & Tilford Import Corp. v. International Brotherhood of Teamsters, supra, is exemplary. Moreover, whether the particular proceeding is, in whole or in part, one within the jurisdiction of the state court, and whether that court has power to grant the remedy prayed for, are questions which may be capably determined by that court, and error is a matter of appellate review. The question of jurisdiction, if at all involved, is appropriately one for the decision of the state court and could manifestly be presented and determined in the action there. Kohn v. Central Distributing Co., 1939, 306 U.S. 531, 534, 59 S.Ct. 689, 83 L.Ed. 965.

■ Finally, the petitioners seek a declaratory judgment under Section 274d of the Judicial Code, 28 U.S.C.A. § 400. However, where an injunction will not lie a declaratory judgment cannot be substituted. State of Wyoming v. Franke, D.C.D.Wyo.1945, 58 F.Supp. 890, 897. Further, it is well-settled that a declaratory judgment which would not terminate the controversy or uncertainty, or under all circumstances is not necessary or proper at the time, ought not to be given. See Angell v. Schram, 6 Cir., 1940, 109 F.2d 380, 382; Koon v. Bottolfsen, D.C.D.Idaho 1944, 60 F.Supp. 316. The declaratory judgment is a remedy within the sound discretion of the trial court. Brillhart v. Excess Ins. Co., 1942, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Crosley Corp. v. Westinghouse Electric & Mfg. Co., 3 Cir., 1942, 130 F.2d 474, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546. Therefore, considering that proceedings have begun in the state court and that a declaratory judgment such as petitioners seek would pertain to incidental questions and would not terminate the controversy, it is my opinion that the petition should be denied.

For the reasons stated the respondent's motion to dismiss the bill of complaint is granted.