ATLANTIC FISHERMEN'S UNION et al. v.
BARNES, Attorney General of
Massachusetts.

Civil Action No. 6811.

District Court, D. Massachusetts.
June 4, 1947.

Before MAGRUDER, Circuit Judge, and SWEENEY and WYZANSKI, District Judges.

Henry Wise, of Boston, Mass., for plaintiffs.

Clarence A. Barnes, Atty. Gen. of Massachusetts, pro se, and George Fingold, Asst. Atty. Gen., for defendant.

PER CURIAM.

On February 14, 1947, Clarence A. Barnes, Attorney General of the Commonwealth of Massachusetts, caused to be filed in the Superior Court of Massachusetts, Suffolk County, a bill of complaint in equity, titled "Commonwealth of Massachusetts v. McHugh et al.," in which various persons individually and as officers and members of Atlantic Fishermen's Union were named as defendants. The complaint, which was brought pursuant to the authority of § 3, C. 93, Mass.Gen.Laws (Ter. ed.), alleged a conspiracy on the part of the defendants to create a monopoly, and unreasonably to restrain trade, in the purchase and sale of fresh fish, in violation of the common law of Massachusetts and of § 2, C. 93, of the Massachusetts General Laws. The prayers of the complaint were for an interlocutory and a permanent injunction restraining the defendants from committing the various acts and practices set forth in the body of the complaint. On February 21, 1947, the Superior Court issued an interlocutory injunction, which is still in force. Trial of the case is now proceeding in the Superior Court.

The complaint now before us, filed by Atlantic Fishermen's Union, and Patrick McHugh individually and as Secretary-Treasurer of the Union, against Attorney Gen-

eral Barnes, alleges that § 2 of C. 93, Massachusetts General Laws, as now sought to be applied by the Attorney General, is invalid on various federal constitutional grounds, and prays that the Attorney General be enjoined from prosecuting any action to enforce the said state statute against the plaintiffs and that, pending the final hearing, the Attorney General be immediately restrained by order of the court and that a temporary injunction be issued pursuant to § 266 of the Judicial Code, 28 U.S.C.A. § 380. The district judge to whom the complaint was presented declined to issue a temporary restraining order. A three-judge district court was duly convened. At the hearing on the application for an interlocutory injunction, the Attorney General appeared and presented a motion to dismiss the complaint.

We are of opinion that the motion to dismiss must be granted, for want of equity on the face of the bill, on the authority of Douglas v. City of Jeannette, 1943, 319 U.S. 157, 162-164, 63 S.Ct. 877, 882, 87 L.Ed. 1324, 146 A.L.R. 81, and Spielman Motor Sales Co. v. Dodge, 1935, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322. Since in our view the bill is lacking in equity, we are not warranted in retaining the bill pending the determination of the proceedings in the state court, as was directed to be done under the special circumstances present in American Federation of Labor, Metal Trades Dept. v. Watson, 1946, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873. For all that appears, the Attorney General is not now threatening to institute a multiplicity of harassing criminal prosecutions, but is proceeding in an orderly way, in a test suit in equity in the state court, to obtain a determination of the legal questions which the present plaintiffs would have us decide. These questions, so far as they involve assertions of federal right, may reach the Supreme Court of the United States as well through the medium of the pending state court proceedings as through the medium of the present suit. It may be that the existing doubt as to the legality of the Union's accustomed mode of operation is embarrassing to the Union and an impediment to its collective bargaining negotiations. This, however, does not constitute clear and imminent irreparable injury, but is inseparable from the State's assertion of its authority to enforce its anti-monopoly laws. If we should, as prayed, hold the state statute to be invalid and enjoin the Attorney General from proceeding to enforce it, the Attorney General would have a right to appeal to the Supreme Court of the United States; and until that court disposed of the case, the doubts as to the legality of the conduct of the Union would necessarily remain as a cloud upon its collective bargaining negotiations. Furthermore, the present plaintiffs are still subject to the interlocutory injunction issued by the Superior Court, and, in so far as the Union is inconvenienced or under hardship because of that, this court cannot grant relief by lifting said injunction.

In so far as plaintiffs rely on the decree heretofore entered by this court in United States v. New England Fish Exchange et al., 258 F. 732 (1919), we find their points without merit. In that case this court's decree is directed at persons other than these plaintiffs. We have not discovered any provision in the decree which would directly or indirectly require parties to it or others knowing of it to take action conflicting with the commands so far issued by the Superior Court of Massachusetts or with the prayers of the Attorney General's bill filed in the Superior Court. Therefore, we cannot say that plaintiffs have been or are likely to be subjected to contrary commands of this court and another court.

While we place our decision on the lack of equity in the bill, we add that power to give the relief sought would seem to be denied to us by § 265 of the Judicial Code, 28 U.S.C.A. § 379. See Kohn v. Central Distributing Co., 1939, 306 U.S. 531, 534, 59 S.Ct. 689, 83 L.Ed. 965; Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 1940, 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537; Toucey v. New York Life Ins. Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967.

A decree will be entered dismissing the complaint.