OKLAHOMA GAS & ELECTRIC CO. et al.
v. OKLAHOMA PACKING CO. et al.
No. 1357.

District Court, W. D. Oklahoma.
Sept. 22, 1933.

Rehearing Denied Oct. 12, 1933.

R. M. Rainey and Streeter B. Flynn, both of Oklahoma City, Okl., I. J. Underwood, of Tulsa, Okl., Calvin Jones, of Oklahoma City, Okl., R. M. Campbell, of Chicago, Ill., F. G. Anderson and Geo. M. Green, both of Oklahoma City, Okl., and Allen, Underwood & Canterbury, of Tulsa, Okl., for complainants.

C. D. Bennett, of Oklahoma City, Okl., and W. R. Brown, of Chicago, Ill., for defendants.

Before McDERMOTT, Circuit Judge, and KENNAMER and VAUGHT, District Judges.

McDERMOTT, Circuit Judge.

At the bottom of this controversy is the question of whether an order made by the Corporation Commission of Oklahoma in 1926, requiring the Oklahoma Natural Gas Company to serve Wilson & Company, Inc., with gas, is valid. The validity of the order, in turn, depends upon the question of whether the Oklahoma Natural Gas Company had professed or undertaken to serve Wilson & Company, Inc., or others similarly situated. The parties agree, and the law undoubtedly is, that no power resides in the state to compel a utility to furnish service to that part of the public which it has not pro-fessed or undertaken to serve. The controversy narrows to the question of whether the Oklahoma Natural Gas Company had undertaken to serve others of the public situated similarly to Wilson & Company, Inc. While the order of the Commission, sustained by the Supreme Court of Oklahoma acting in its legislative capacity (Oklahoma Gas & Electric Co. v. Wilson, 146 Okl. 272, 288 P. 316), is presumptively correct, the plaintiffs are entitled to a judicial review of both the facts and the law on this constitutional question.

The defendants contend that we are precluded from a review of that order because the question has become moot. We do not agree. It is true that the order has been displaced by other rate orders, and is not presently effective. It is likewise true that the order was displaced prior to the affirmance thereof by the Supreme Court of Oklahoma, and that it was lawfully superseded pending such review. The plaintiffs are therefore not subject to any of the penal provisions of the Oklahoma statutes for violating a valid order, and there is no threat by the state officials of any effort to impose such penalties. There is, therefore, no basis for any injunctive relief against the state officials. Ex parte La Prade, 289 U. S. 444, 458, 53 S. Ct. 682, 77 L. Ed. 1311. However, one of the defendants, Wilson & Company, Inc., is vigorously asserting rights predicated upon the validity of such order. While this is the only spark of life left in the order, the controversy cannot be said to be moot as long as it remains unextinguished. Oklahoma Operating Company v. Love, 252 U. S. 331, 40 S. Ct. 338, 64 L. Ed. 596.

But this action in equity cannot be maintained if there is an adequate remedy at law. Section 267, Jud. Code, 28 USCA § 384; Matthews v. Rodgers, 284 U. S. 521, 52 S. Ct. 217, 76 L. Ed. 447.

It seems apparent that the plaintiffs herein are afforded complete protection by the defense in the action at law. It was suggested, upon argument, that the legal defense was not adequate because under the constitution of Oklahoma, the state district court had no jurisdiction judicially to determine the validity of the order. The state district court has ruled otherwise, and has judicially determined the validity of the order. The plaintiffs are entitled, in some court, to a judicial determination of the validity of the order. It has had that determination, and there is no reason to believe that it will be denied a judicial review by the Supreme Court of

Oklahoma. The Oklahoma Gas and Electric Company, being entitled to and having interposed the invalidity of the order in defense of the action at law, has no ground for asking equity again to pass upon its validity. While the Oklahoma Natural Gas Company is a party plaintiff in this case, and is not a party defendant in the state court suit, the record conclusively demonstrates that it has no substantial interest in the controversy.

It is said that equity may proceed, even if an order has been vacated, if it appears that its vacation was to avoid a judicial determination of its validity; or if a multiplicity of suits by consumers may follow notwithstanding its vacation. This may be conceded; but no such situation is present here. To enjoin the continuance of a single action at law is the only thing sought to be accomplished by this equitable action. We are reminded that equity may proceed to adjudicate a controversy, notwithstanding that the specific relief sought has been frustrated by the acts of the parties pendente lite. True enough, but here the defendant took no step to frustrate the action of this court; having first commenced an action at law to recover excess payments made to the Oklahoma Gas and Electric Company, and this court having declined to enjoin the prosecution of that suit, it proceeded to judgment in an orderly way. The force of that judgment cannot be impaired by the mere pendency of an action to enjoin the prosecution.

■ Considerations of comity support the conclusion reached. The action in the state court to enforce the order was brought prior to the present action in this court to enjoin its enforcement. Both actions were in personam, and could and did proceed concurrently. In due course, the action in the state court proceeded to a trial lasting for several days. It has rendered its considered judgment, and the matter is now pending before the Supreme Court of Oklahoma. The evidentiary facts, as found by that court, are substantially as stipulated by counsel herein. The question will ultimately be decided by the Supreme Court of the United States, either on appeal from this court or from the Supreme Court of Oklahoma. Since the state court case has gone to judgment, the only effective order which this court could make if it reached a conclusion contrary to that court, would be to enjoin the enforcement of that judgment and any further proceedings in that court. The more orderly procedure is for the plaintiffs to review the correctness of that judgment in the Supreme Court of Oklahoma, and if then dissatisfied, to invoke the jurisdiction of the Supreme Court of the United States.

The bill will be dismissed at the cost of the plaintiffs.

## On Petition for Rehearing.

### PER CURIAM.

■ The petition for rehearing presents the proposition that since the plaintiff herein could not remove the action at law in the state court, Great Northern R. Co. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713, the federal courts should enjoin its prosecution, since, as defendant therein, it raised a federal question by its answer. This is a startling suggestion to which we cannot accede. Since the decision in Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511, construing the Removal Act of August 13, 1888 (25 Stat. 433), it has been uniformly held that a cause may not be removed because a defendant pleads a federal question in its answer. Plaintiff now says that while such a suit may not be removed to the federal court, a federal court should enjoin its prosecution. That is to circumvent the law as to removal, to deny the plaintiff in the state court action his right to proceed in the state courts, and is not supported by any authority cited. It would increase immeasurably the jurisdiction of the federal courts if every defendant asserting a federal question by way of defense in a state court might, in the federal courts, enjoin proceedings in the state court.

■ The claim is predicated upon a statement in Risty v. Chicago, R. I. & P. R. Co., 270 U. S. 378, 46 S. Ct. 236, 70 L. Ed. 641, that equity has jurisdiction unless there is an adequate remedy at law in the federal courts. That such statement was not intended to have such far-reaching consequences as contended for is made clear by the recent statement of the Supreme Court in Matthews v. Rodgers, 284 U. S. 521, 526, 52 S. Ct. 217, 220, 76 L. Ed. 447, that, "If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved, Jud. Code § 237 (28 USCA § 344), or to his suit at law in the federal courts if the essential elements of federal jurisdiction are present."

Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.)

932, 14 Ann. Cas. 764, and cases which follow it, are bottomed upon the proposition that, because of the severity of the penalties or the multiplicity of threatened actions, the remedy by way of a defense in the state court is not adequate. No such situation is here presented.

The petition for rehearing is denied.