## OKLAHOMA GAS & ELECTRIC CO. et al. v. WILSON & CO., Inc.

No. 25154.    Sept. 15, 1936.

Rehearing Denied Jan. 5, 1937.

Rainey, Flynn, Green & Anderson, R. M. Campbell, and Allen, Underwood & Canterbury, for plaintiffs in error.

Bennett & Bennett, W. R. Brown, and Paul Ware, for defendant in error.

GIBSON, J. This action was commenced in the district court of Oklahoma county by Wilson & Company, referred to herein as plaintiff, against Oklahoma Gas & Electric Company and its surety, the Fidelity & Casualty Company of New York, referred to herein as defendant, to recover judgment on certain bonds given to supersede an order of the Corporation Commission affecting gas rates pending appeal therefrom to this court. The commission's order was affirmed. Oklahoma Gas & Electric Co. v. Wilson & Co., 146 Okla. 272, 288 P. 316.

Defendants sought to defeat the action on several grounds, among them that the commission's order was invalid in that the Constitution and statutes of Oklahoma, as interpreted by the decisions of this court, denied to them the right of judicial review of such order and as a consequence deprived them of their property without due process of law.

Since this appeal was lodged here, this court has decided the foregoing question adversely to the defendants. Oklahoma Cotton Ginners Association v. State, 174 Okla. 243, 51 P. (2d) 327. Although the author hereof does not concur in the views therein expressed, that case is decisive of the question, and it is now settled that the decision of this court on appeals from orders of the Corporation Commission affecting rates of public utilities constitutes a judicial determination of the questions involved.

It is next urged that the trial court was without jurisdiction to render the judgment; that such court erred in refusing to stay its proceedings pending determination of the injunction suit then pending and brought by the Oklahoma Gas & Electric Company against plaintiff in the Federal District Court at Oklahoma City to test the validity of the commission's order.

Our decision on that question should be controlled by the opinion of the Supreme Court in the case of Corporation Commission v. Carey, 296 U. S. 452, 56 S. Ct. 300, 80 L. Ed. 324. The facts in this case are in all essential respects analogous to the facts there presented. It was held, in effect, that the federal court may enjoin the commission's rate order where the right to a judicial review of such order is made uncertain by conflicting decisions of the state court.

At the time this cause was tried and determined in the lower court the Cotton Ginners Case had not been decided, and the right to judicial review of rate orders in state courts remained uncertain, as will clearly appear from our decisions at that time. See McAlester Gas & Coke Co. v. Corporation Commission, 101 Okla. 268, 224 P. 698; also Oklahoma Natural Gas Co. v. Russell, 261 U. S. 290. The defendants in the instant case sought relief against the commission's order, to supersede which the bonds here sued upon were given, in the federal court by a direct proceeding in equity attacking the validity of the order. The same relief was sought in the Carey Case. The first and third headnotes of that decision are as follows:

"1. A federal district court may, notwithstanding the provisions of the Act of May 14, 1934, taking away the jurisdiction of federal courts to enjoin the enforcement of a state rate order where a plain, speedy, and efficient remedy may be had in the courts of the state, entertain a suit to restrain, as violative of constitutional rights, the enforcement of an order of a State Corporation Commission reducing gas rates, where there is serious uncertainty, because of diametrically opposed decisions in the highest court of the state, as to whether any opportunity is afforded in the courts of the state for a judicial review of an order of the commission. * * *

"3. The propriety of the action of a federal district court in granting, on the ground of uncertainty under the state court's decisions as to the existence of an effect of judicial remedy in the state court, an interlocutory injunction in a suit to restrain the enforcement of a state rate order, is unaffected by any clarification of state law by a decision rendered after the interlocutory injunction had been granted."

In the opinion we find the following statement by the court:

"* * * Appellants' counsel invoke the decision of the Supreme Court of Oklahoma in Oklahoma Cotton Ginners' Association v. State, [174 Okla. 243, 51 P. (2d) 327], but it is unnecessary to analyze that decision or to attempt to determine its import in re-

lation to subsequent litigation, as the decision was rendered after this suit was brought and the interlocutory injunction had been granted. The jurisdiction of the district court had already attached and there is no ground for concluding that the granting of the injunction was an improvident exercise of judicial discretion."

In the instant case, in view of the fact that defendants' right to a judicial remedy in the state courts was uncertain, the federal court acquired jurisdiction of the cause instituted therein by defendants. That remedy was available to them as the only certain method of obtaining a judicial determination of the validity of the commission's order. The suit was a direct attack upon such order, and until its validity was established in that suit, the state court was without jurisdiction to proceed with an action based upon such order. This for the reason that where direct attack in equity is made upon the order of the commission, the defendants' liability on such order is not finally determined judicially until final determination of the equitable action. See Pioneer Tel. & Tel. Co. v. State, 40 Okla. 417, 138 P. 1033.

The trial court erred in overruling defendants' motion to stay proceedings in this cause pending decision in the case in the federal court. The judgment is therefore reversed and the cause remanded, with directions to stay the action in accordance with defendants' motion.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, PHELPS, and CORN, JJ., concur. BAYLESS, J., dissents. RILEY, J., not participating.