## RUDCO OIL & GAS CO. v. TRADERS & GENERAL INS. CO.

### Civil No. 358.

District Court, E. D. Oklahoma.

Jan. 3, 1941.

Hicks Epton and Thomas J. Horsley, both of Wewoka, Okl., for plaintiff.

Mart D. Brown and James D. Fellers, both of Oklahoma City, Okl., for defendant.

RICE, District Judge.

Plaintiff was incorporated under the laws of Delaware. Defendant was incorporated under the laws of the State of Texas. Both complied with Oklahoma law and qualified to do business herein. The suit, originally brought in the State Court of Seminole County, Oklahoma, was removed to this court by the defendant corporation, the reason assigned for removing said cause being diversity of citizenship and more than three thousand dollars involved.

Plaintiff makes the contention on motion to remand that when both corporations complied with the laws of Oklahoma and qualified to do business herein they each thereby consented to become residents and therefore became domiciled in the State of Oklahoma for the purposes of venue and jurisdiction. Plaintiff relies upon Neirbo Co. et al. v. Bethlehem Shipbuilding Corporation, Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

In my opinion there is nothing in the Neirbo case to change the former ruling as to residence and citizenship of a corporation. Therein the court was concerned with venue only, and the effect of the decision is limited to a holding that by complying with the laws and appointing a service agent in a state other than that of incorporation a corporation thereby consents to be sued in both state and federal courts of the state in which it has qualified to transact business. In effect the plaintiff asks this court to go further than the

Neirbo case and say that a corporation, by complying with the laws of the State of Oklahoma to do business therein, not only consents to be sued in the courts of Oklahoma, but becomes a citizen of Oklahoma for jurisdictional purposes. Such a holding would in effect deprive a non-resident corporation of the right to be heard in the federal courts. Neither the Neirbo case nor subsequent cases have indicated any intention of going so far. See Oklahoma Packing Company et al. v. Oklahoma Gas & Electric Company et al., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537. The motion of the plaintiff to remand is overruled.

■ The defendant has filed herein a demurrer. Such a pleading was abolished by Rule 7(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Such a pleading being unauthorized in the procedure governing trials in this court, the same is stricken and the defendant is granted ten days from the date of the receipt of a copy of this memorandum and order for filing its response to plaintiff's petition.