### BARNES v. WILSON et al.
### No. 492.

District Court. E. D. Wisconsin.
Sept. 10, 1941.

Quarles, Spence & Quarles, Joseph V. Quarles and Arthur Wickham, all of Milwaukee, Wis., for plaintiff.

Bird, Smith, Okoneski & Puchner, Charles F. Smith and R. E. Puchner, all of Wausau, Wis., for defendant Edna L. Wilson.

Miller, Mack & Fairchild, Bert Vandervelde and Vernon A. Swanson, all of Milwaukee, Wis., for defendant Mutual Life Ins. Co. of New York.

DUFFY, District Judge.

This is a motion brought under Rule 12 (d), F.R.C.P., 28 U.S.C.A. following section 723c, for the purpose of disposing of the claim of improper venue raised by the defendants in their answers; likewise a motion to strike certain portions of the answer of each defendant. The plaintiff is a resident of California. I am convinced that at the time of the commencement of this action, the defendant Edna L. Wilson was a resident of the Western District of Wisconsin, being then and now a legal resident of Wausau. The defendant the Mutual Life Insurance Company of New York is a foreign insurance corporation; its principal office in the State of Wisconsin is located at Milwaukee; and its General or State Agent, Mr. W. E. Rigg, resides in Milwaukee.

The law applicable to venue is found in Title 28, U.S.C.A., §§ 112, 113; Judicial Code, §§ 51 and 52. Section 51 of the Judicial Code provides: "* * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; * * *."

Section 52 of the Judicial Code provides: "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides."

The jurisdiction of this court is based upon diversity of citizenship. There seems to be no controversy as to the requisite jurisdictional amount.

If the defendant Wilson had been sued alone, the proper venue would of course be the Western District of Wisconsin. However, if the defendant insurance company could have been sued in the Eastern District of Wisconsin, the plaintiff had the option, when suing both defendants, to bring the action in either district.

The issue, therefore, resolves itself as to whether an insurance company, incorporated in another State, but qualified to do business in Wisconsin, and whose principal

office in Wisconsin is located in Milwaukee where it is in charge of a duly designated State Agent who also resides in Milwaukee, can be sued in the Federal Court for the Eastern District of Wisconsin. The latest decisions of the United States Supreme Court which throw some light on the proper solution of this question are Neirbo Co. et al. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, and Oklahoma Packing Co. et al. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537.

█ At the oral arg ment some point was made of the fact that the Commissioner of Insurance of Wisconsin, who is the statutory agent for the acceptance of process in the case of foreign insurance companies doing business in the State, resided within the Western District. Section 200.03(15), Wisconsin Statutes, provides: "Attorney for foreign companies. He [the insurance commissioner] is by law constituted the attorney for all insurance companies admitted to this state for the purpose of service of summons and all other legal processes upon such companies while licensed here and thereafter so long as there are any liabilities outstanding against them in this state."

It is quite certain that this section does not purport to limit the venue of any action which might be brought to the particular locality in which the commissioner happened to reside. The "consent" to be sued is State-wide. As was said by the court in Oklahoma Packing Co. et al. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 6, 7, 60 S.Ct. 215, 216, 217, 84 L.Ed. 537:

"At the threshold we are met by the procedural objection, seasonably made, that Wilson & Co., a Delaware corporation, was improperly sued in the District Court of the Western District of Oklahoma. The objection is unavailable. Prior to this suit, Wilson & Co. had, agreeable to the laws of Oklahoma, designated an agent for service of process 'in any action in the State of Oklahoma.' Both courts below found this to be in fact a consent on Wilson & Co.'s part to be sued in the courts of Oklahoma upon causes of action arising in that state. The Federal District Court is, we hold, a court of Oklahoma within the scope of that consent, and for the reasons indicated in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 [128 A.L.R. 1437] * * * Wilson & Co. was amenable to suit in the Western District of Oklahoma."

█ The State of Oklahoma has three Federal Court districts and apparently the Supreme Court did not consider the division along District Court lines to be important. I, therefore, hold that the plaintiff here had the option to commence this action in either the Eastern or the Western Districts of Wisconsin. That portion of the defendants' answers setting forth the claim of improper venue may be stricken.

█ The complaint alleges that the plaintiff and the defendant Wilson had been man and wife; and that the defendant had advanced certain money to the plaintiff as a loan. The defendant insurance company had issued two policies of insurance upon plaintiff's life, which included provisions for disability benefits. Plaintiff alleges that as security for the loan made by his wife, he assigned the policies of insurance to her (the defendant Wilson), together with the rights to collect certain renewal premiums, but with the understanding that he would retain the rights to disability benefits under said policies. He claims now to be totally disabled and entitled to the amount of said benefits which have accrued. Plaintiff claims his disability is the result of diabetes. In paragraph 7 of her answer, defendant Wilson alleges: " * * * plaintiff as soon as he married this defendant refused to work and depended upon her for support; he was lazy and dissolute and spent his time bowling and gambling instead of working, and it was such habits that caused his earning power to dwindle rather than any incapacity as a result of diabetes." I do not consider such an allegation as proper pleading. The denial of the plaintiff's allegation would have been sufficient. The motion to strike such allegation will be granted.

The other motions to strike will be denied.