310

J. O. Modisette and Modisette & Adams, all of Jennings, La., for plaintiff.

H. Payne Breazeale and Breazeale, Sachse & Wilson, all of Baton Rouge, La., for defendant.

CAILLOUET, District Judge.

The plaintiff, Charles Monroe Beard, alleging himself to be a resident and citizen of the Western District of Louisiana, brings this action, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., in the Eastern District of the State, against the Continental Oil Company, a Delaware corporation, which, he alleges, has complied with the Louisiana Act No. 184 of 1924, as amended, relative to the authorization of a foreign corporation to do business in this State upon its first designating an agent or agents for the service of process upon it, who actually resides or reside within the parish where such foreign corporation has an established business.

The two agents designated are alleged to be residents of East Baton Rouge Parish, which is in the Eastern District of Louisiana.

Defendant foreign corporation does not dispute this, but moves to dismiss the action for alleged want of jurisdiction and venue, because (mover contends)

(1) The jurisdiction of this Court is not invoked "solely on the ground of diversity of citizenship, and

(2) Defendant corporation is an inhabitant of the federal judicial district of Delaware and the action can, therefore, be legally maintained *only* in the United States District Court for the State of Delaware.

Mover's contention is not well founded.

Section 51 of the Judicial Code, 28 U.S. C.A. § 112, provides that: " * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Inasmuch as jurisdiction in *this* case is *not* founded "only" on diversity of citizenship, plaintiff was left no choice to bring his suit either in the district of plaintiff or that of defendant; and if the defendant foreign corporation, an inhabitant of the Delaware district, had not evidenced its intention to waive and renounce its personal privilege of venue restricted alone to that named judicial district, the motion would have legal support.

The defendant did, however, waive such venue privilege, by complying with the Louisiana statute's condition precedent for the securing of authority to do business within the State from a therein-established place of business. While it might not have been sued outside of the district whereof it is an inhabitant *without its consent*, it did actually so consent to be sued when it voluntarily complied with the legal requirements imposed as the condition sine qua non to its engaging in business in Louisiana. Neirbo Co. v. Bethlehem Shipbuilding Corporation, Limited, 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

In *that* case, it is true, the suit was based on diversity of citizenship; here, as mover contends, the suit is *not* "solely" so based. However, this distinction is of no moment, for, as said the U. S. Supreme Court in Re Keasbey & Mattison Co., 1895, 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402, the reasoning in a case where the suit is so based on diversity of citizenship is equally applicable to a case where the suit arises under the Constitution, laws, or treaties of the United States.

See also: Oklahoma Packing Co. et al. v. Oklahoma Gas & Electric Co. et al., 1940, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537.

Accordingly, the motion to dismiss is denied.