## BRISENO v. VALLEY BAKING CO. OF TEXAS.

### No. 165.

District Court, S. D. Texas, Brownsville Division.

June 2, 1942.

J. C. Hall and H. L. Hall, both of Edinburg, Tex., for plaintiff.

Strickland, Ewers & Wilkins and J. E. Wilkins, all of Mission, Tex., for defendant.

KENNERLY, District Judge.

April 8, 1942, plaintiff, an alien, but at the time of the accident hereinafter mentioned, a resident of this District and Division, filed this suit against defendant, seeking to recover damages in excess of $3,000 because of claimed injuries alleged to have been received on or about October 11, 1941, in this District and Division, by plaintiff having been struck and injured by an automobile driven on a public highway by an agent of defendant. Process was served on defendant's managing agent, at its principal office in Harlingen, Texas. There is no complaint with respect to either the process or the service of process, but defendant has moved to dismiss upon the ground that it is incorporated and chartered under the laws of the State of Delaware, with its principal office and place of business in that State, and that it must be sued there. The parties have filed the following stipulation on such motion to dismiss:

"The parties to this cause, by their respective attorneys of record agree and stipulate that for the purposes of this hearing on the question of venue and jurisdiction over the person of Valley Baking Company of Texas the following may be considered as facts in the case:

"1. That Valley Baking Company of Texas is a corporation duly incorporated and chartered under the laws of the State of Delaware, with its principal office in Wilmington, Delaware, and that the laws of the State of Delaware require Valley Baking Company of Texas to maintain its principal office in the State of Delaware, and to have a resident agent in the State of Delaware in charge of such principal office, and that the original or duplicate stock record must be kept in the principal office in the State of Delaware, and that the name of the corporation must be painted or printed conspicuously on its principal office in the State of Delaware.

"2. That Valley Baking Company of Texas has a permit to do business in the State of Texas, and in compliance with Article 2031–A of the Revised Civil Statutes of Texas, 1925 [Vernon's Ann.Civ.St. art. 2031a], and amendments thereto, appointed an agent in Texas upon whom service of process might be had.

"3. That Valley Baking Company of Texas, defendant herein, has its principal office in Texas at Harlingen, Texas, in this District and Division. That it operates a bakery and serves Willacy, Starr, Cameron and Hidalgo Counties by trucks.

"4. That the plaintiff, Cornelio Briseno, is an alien, a citizen of the Republic of Mexico, and at the time of the accident complained of in plaintiff's petition, was residing in Hidalgo County, Texas.

"5. That jurisdiction of the Federal Court is invoked solely on the grounds of

a suit by an alien against a citizen of the United States, and plaintiff has alleged properly the jurisdictional amount required in Federal Court.

"6. That although the question of venue and jurisdiction over the person of Valley Baking Company of Texas is raised in the *answer, upon instructions from Judge All-*red when first hearing this matter, and asking that briefs be submitted to Judge Kennerly, the parties consider such questions as though raised in a motion to dismiss."

1. While it is true that prior to the decision of the Supreme Court of the United States in Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 167, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, and Oklahoma Packing Company v. Oklahoma Gas & Electric Company, (308 U. S. 530, 309 U.S. 4, 6, 60 S.Ct. 215, 84 L. Ed. 537), it was regarded as settled that a suit of this character by an alien must be brought in the District of the domicile of defendant, I think that under such decisions that is no longer the rule in Texas, where, as here, the defendant has a permit under Articles 1529 to 1538 and Article 2031a, Vernon's Annotated Texas Civil Statutes, to do business in Texas. See, also, Beard v. Continental Oil Company, D.C., 42 F.Supp. 310; McMaster v. Texas Gulf Producing Company, D.C.S. D.Tex., 44 F.Supp. 672; Andrews v. Cohen, D.C.S.D.Tex., 45 F.Supp. 732, decided December 17, 1941.

The motion to dismiss is denied. Let an order be drawn and presented accordingly.