### BURNETT v. SWENSON.

#### Civ. No. 4802.

United States District Court
W. D. Oklahoma.

Jan. 8, 1951.

E. E. Sattgast (of Madden & Madden), Wichita, Kan., and Dudley, Duvall & Dudley, of Oklahoma City, Okl., of counsel, for plaintiff.

Edgar Fenton (of Fenton & Fenton), Oklahoma City, Okl., for defendant.

VAUGHT, Chief Judge.

The plaintiff is a resident of the State of Kansas and the defendant is a resident of the State of Minnesota. There is no controversy over the jurisdictional amount. The complaint alleges the plaintiff was injured on May 29, 1949, on the highway running through Altus, Oklahoma, and seeks to recover damages for the injuries sustained. Summons was duly served on Wilburn Cartwright, Secretary of State for the State of Oklahoma.

Title 47 Okl.Stat.Ann. § 391 provides:

"The use and operation of a motor vehicle in this State on the public highways thereof by a person who is a nonresident of this State shall be deemed:

"(a) an agreement by him that he shall be subject to the jurisdiction of the district courts of this State over all civil actions and proceedings against him for damages to person or property growing or arising out of such use or operation, and

"(b) an appointment by such nonresident of the Secretary of State of this State as his lawful attorney upon whom may be served all summons or original notices of suit pertaining to such actions and proceedings, and

"(c) an agreement by such nonresident that any summons or original notice of suit so served shall be of the same legal force and validity as if personally served on him in this State."

Title 28 U.S.C.A. § 1391, referring to jurisdiction in federal district courts between citizens of different states, provides: "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

The defendant moves to dismiss the action upon jurisdictional grounds and particularly stresses the first ground of the motion which is as follows: "On the ground that it is brought in the wrong district, the jurisdiction of this Court having been invoked solely on the ground that the action is between citizens of different states. Plaintiff is a resident and citizen of the State of Kansas. Defendant is a resident and citizen of the State of Minnesota."

This case is controlled by Neirbo Company v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167; Oklahoma Packing Company v. Oklahoma Gas & Electric Company, 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537; Knott Corporation v. Furman, 4 Cir., 163 F.2d 199, and many district court decisions reported in the Federal Supplements. The court is not unmindful of Martin v. Fischbach Trucking Company, 1 Cir., 183 F.2d 53, which holds to the contrary. The proper rule is stated in the opinion by Judge Parker in Knott Corporation v. Furman, supra, as follows:

"* * * It is reasonable to imply consent to suit and service of process from the doing of business within the state as to causes of action arising out of such business but not as to other causes of action. There is no reason for any distinction between express and implied consent, however, when it comes to the waiver of venue. If the doing of business can be held to furnish the basis of consent with respect to suit in the courts of the state, there is no reason why it should not be equally efficacious with respect to furnishing the basis of consent to suit in the federal courts. If the view be taken that the consent is wholly fictitious, there is no reason why the fiction should not serve as well in the one case as in the other. If the court, 'for purposes of justice', to use the language of Judge Learned Hand in the Smolik case, supra, ([Smolik v. Philadelphia etc. Co., D.C.] 222 F. [148] 151), treats the situation as if there had been consent, there is no reason why 'purposes of justice' should not be considered under federal as well as under state statutes. Certainly no purpose of justice is served by permitting a defendant to be sued in the state but not the federal courts in a situation such as this, where the defendant himself unquestionably has the right to remove the case to the federal courts if sued in the state courts.

"A very similar question has been raised in two of the District Courts of this Circuit in actions before Judges Waring and Chestnut in Krueger v. Hider, D.C., 48 F. Supp. 708, and Steele v. Dennis, D.C., 62 F.Supp. 73. Both of these were actions against foreign motorists under statutes by the terms of which the motorist, by operating a vehicle upon the roads of the state, impliedly consented that process in an action against him growing out of such operation might be served upon a state officer. In both cases, it was held that such implied consent waived the provisions of the venue statute and that suit might be brought in

the federal as well as in the state courts. * * *" [163 F.2d 204.]

There is another reason why the statutes of the various states, such as in Oklahoma, providing for a service agent for those who use the highways, waive venue. It is to lay the venue of actions growing out of the use of the highway, such as collision injuries, within a reasonable distance for witnesses to attend in person at trials that may result. A jury, or the trier of facts, is entitled to see and hear such witnesses and not have to depend upon depositions which are frequently unsatisfactory. It also eliminates inconvenience and expense, and is fair to all who use such highways. It is evident that all motorists who enter states and drive upon its highways, that have such a statute, impliedly waive the venue.

The motion of the defendant to dismiss should be overruled and an exception allowed.