**H. Patrick STUDDERT, Plaintiff,**

v.

**Jack M. SCANLON, Defendant.**

**No. CV 78–75–BU.**

United States District Court,
D. Montana,
Butte Division.

March 30, 1979.

Michael J. McKeon, Anaconda, Mont., Poore, Roth, Robischon & Robinson, Butte, Mont., for plaintiff.

Donald A. Garrity, Garrity, Keegan & Brown, Helena, Mont., for defendant.

### OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

The defendant has moved to dismiss the complaint which, taken to be true, alleges that the defendant was granted a judgment for attorneys' fees which is void because of fiduciary fraud and want of due process. It seeks declaratory relief to the effect that the judgment is void.

28 U.S.C. § 2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

This action is one for declaratory judgment, but "those considerations which have led federal courts of equity to refuse to enjoin the collection of state taxes, save in exceptional cases, require a like restraint in the use of the declaratory judgment procedure." *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 299, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1943). The continuing validity of the *Great Lakes* case was affirmed in *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). This case is therefore equated with one for an injunction.

The plaintiff relies on *Wells Fargo & Co. v. Taylor,* 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed.

205 (1920), which undoubtedly sanctions a suit in a federal court to enjoin the enforcement of a void state judgment. The Court proceeded on the theory that its decree would not require the state court which rendered the judgment to set it aside, but would prevent the recipient of the state court judgment from obtaining the fruits of it.[1] See also *Simon v. Southern Railway Co.*, 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492 (1915), which is similar to this case. Section 265 of the Judicial Code, formerly § 720, Rev.Stat. (Comp.St. § 1242), under which *Wells Fargo* was decided, was amended in 1948, and since the amendment the Supreme Court has indicated that *Wells Fargo & Co. v. Taylor* and *Simon v. Southern Railway Co.* do not represent the law.[2]

Thus, in *Amalgamated Clothing Workers of America v. Richman Brothers Co.,* 348 U.S. 511, 514, 75 S.Ct. 452, 454, 99 L.Ed. 600 (1955), the Court said: "We need not re-examine the series of decisions, prior to the enactment of Title 28 of the United States Code in 1948, which appeared to recognize implied exceptions to the historic prohibition against federal interference with state judicial proceedings." The Court also said:

> In the face of this carefully considered enactment, we cannot accept the argument of petitioner and the Board as *amicus curiae,* that § 2283 does not apply whenever the moving party in the District Court alleges that the state court is "wholly without jurisdiction over the subject matter, having invaded a field preempted by Congress." No such exception had been established by judicial decision under former § 265. In any event, Congress has left no justification for its recognition now. This is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions.

*Id.* at 515–16, 75 S.Ct. at 455 (footnote omitted). The doctrine of *Amalgamated Clothing* was restated in *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286–87, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970), in which the Court said:

> On its face the present Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions. The respondents here have intimated that the Act only establishes a "principle of comity," not a binding rule on the power of the federal courts. The argument implies that in certain circumstances a federal court may enjoin state court proceedings even if that action cannot be justified by any of the three exceptions.

Again in *Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623, 630, 97 S.Ct. 2881, 2886, 53 L.Ed.2d 1009 (1977), the Court said:

> Suffice it to say that the Act is an absolute prohibition against any injunction of any state court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act. The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.

This case does not fall within any of the three congressionally-created exceptions, and is dismissed for want of jurisdiction.

Nothing in this order relates to the merits of the case or to the problems which might arise in an action in the Montana Courts to set aside the judgment or in a defense asserted in an action seeking to enforce the judgment brought either in Montana or elsewhere.

---

**1.** This reasoning has been repudiated. *Amalgamated Clothing Workers of America v. Richman Brothers Co.,* 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955); *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.,* 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537 (1939).

**2.** Prior to the amendment, the Supreme Court in *Toucey v. New York Life Insurance Co.,* 314 U.S. 118, 136–37, 62 S.Ct. 139, 145, 86 L.Ed. 100 (1941), had said of these cases: "The foundation of these cases is thus very doubtful. However, we need not undertake to reexamine them here since, in any event, they do not govern the cases at bar." (Footnote omitted.)