Thomas J. WOLFE and John M. Becton, individually and on behalf of all others similarly situated, Plaintiffs,

v.

SAFECARD SERVICES, INC., Steven Halmos, Peter Halmos, R.W. Nixon, and W.T. Bacon, Jr., Defendants.

No. 89–6198–CIV.

United States District Court, S.D. Florida.

Jan. 11, 1995.

Kenneth G. Gilman & David Pastor, Gilman & Pastor, Boston, MA, for plaintiffs.

Lawrence A. Kellogg, Tew, Garcia–Pedrosa & Beasley, Miami, FL, Myron M. Cherry,

Jeffrey M. Wagner, Cherry & Flynn, Chicago, IL, for Peter Halmos.

Parker D. Thomson, Carol A. Licko, Thomson Muraro Razook & Hart, P.A., Miami, FL, David M. Wells, Mahoney Adams & Criser, P.A., Jacksonville, FL, for SafeCard Services, Inc. and W.T. Bacon.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon the Defendant Peter Halmos' Motion to Enjoin SafeCard Services, Inc.'s Violation of the Court's Final Order of Dismissal. The Motion has been fully and extensively briefed, and is now ripe for disposition.

The original complaint in this case was filed on March 14, 1989, by a SafeCard shareholder—Thomas Wolfe—individually and on behalf of those individuals who traded in SafeCard stock between October 31, 1985 and March 14, 1988. Later, the complaint was amended to add the plaintiff John Becton, individually and on behalf of those individuals who traded SafeCard stock before September 23, 1987. After approximately 17 months litigation, the plaintiffs filed a motion for voluntary dismissal with prejudice. That motion was granted by this Court on September 3, 1991.

On August 11, 1993, after having its case dismissed from federal court for lack of proper venue, SafeCard Services, Inc. ("SafeCard") filed suit against Peter Halmos ("Halmos") in Wyoming state court asserting several causes of action alleging facts substantially similar to those in this case.[1] To avoid its obligations under a lease, SafeCard filed a similar claim in Florida state court.[2] Now, notwithstanding the passage of more than one year since SafeCard filed its state claims,

---

1. *SafeCard Services, Inc. v. Peter Halmos*, Doc. 134, No. 192 (1st Jud.Dist. of Wyoming).

2. *Halmos Trading & Investment Co. v. SafeCard Services, Inc., et al.*, Case No. 90–04354 (Broward Cir.Ct.).

the defendant Peter Halmos returns to this Court seeking to enjoin SafeCard from prosecuting these claims. According to Halmos, an injunction is necessary in this case to "protect and effectuate" this Court's September 3, 1991 Order, and to prevent SafeCard from relitigating issues previously adjudicated in its favor. These issues, Halmos asserts, include Halmos' alleged domination of SafeCard's Board of Directors, Halmos' alleged excessive compensation, and Halmos' alleged insider trading. Because the Court concludes that the basis for granting an injunction here is tenuous and that Halmos has failed to make an initial showing that no adequate remedy to his dilemma exists at law and that he will be irreparably harmed if an injunction is not issued, equitable relief will not be granted in this case.

It is beyond question that if an injunction is to issue from this Court, it must fall within the "relitigation exception" to the Anti–Injunction Act. 28 U.S.C. § 2283. That act provides that

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, *or to protect or effectuate its judgments.*

*Id.* (emphasis added). The basic purpose of this statute is to "prevent 'needless friction between state and federal courts.'" *Mitchum v. Foster,* 407 U.S. 225, 232–33, 92 S.Ct. 2151, 2156–57, 32 L.Ed.2d 705 (1972), quoting *Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co.,* 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537, 540. This exception allows a federal court to enjoin a state court proceeding only if the parties to the original action actually disputed, and the trier of fact actually resolved, the issues involved in the subsequent case. *Santopadre v. Pelican Homestead & Sav. Ass'n,* 937 F.2d 268 (5th Cir. 1991). Furthermore, "since the statutory prohibition against such injunctions in part rests upon the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26

L.Ed.2d 234 (1970). Thus, where there is some uncertainty about whether a particular case falls within one of the exceptions to the Anti–Injunction Act, a court should lean towards restraint. *Id.,* at 297, 90 S.Ct. at 1748. Respect for the dignity and ability of the state courts requires this result.

This case does not clearly fall within the purview of the relitigation exception to § 2283. Although consent decrees are generally considered final orders on the merits, *see Brooks v. Barbour Energy Corp.,* 804 F.2d 1144 (10th Cir.1986), the final order in this case was not such a decree. Instead, it merely granted leave to the plaintiffs to voluntarily dismiss their case under Fed. R.Civ.P. 41(a)(2). The plaintiffs' motion for voluntary dismissal stated:

> This dismissal is voluntary on behalf of the plaintiffs and is not collusive in any manner. Plaintiffs have not requested nor have they received any consideration for their decision to dismiss this law suit.

Plaintiffs' Motion to Voluntarily Dismiss, at 4.

A dismissal pursuant to Fed.R.Civ.P. 41(a)(2) is without prejudice, and therefore not on the merits, unless the order states otherwise. The Order in this case was with prejudice to the plaintiffs only. It was therefore implicitly without prejudice to all other parties. Any causes of action possessed by SafeCard and the other defendants would appear, therefore, to have survived that Order. Thus, there does not seem to be a final judgment on the merits binding SafeCard from asserting its present claims.

The alignment of the parties in this case further supports this conclusion. During the pendency of this suit, SafeCard consistently maintained that the claims asserted by the plaintiffs were actually derivative in nature, and therefore belonged to SafeCard. This is consistent with SafeCard's present stance. If SafeCard is and was the true owner of the claims it now asserts, it cannot be bound by the representations previously made by pretenders to its rights. Nor is it bound by the factual conclusions they drew in reaching their decision to dismiss this case. There is no compulsory cross-claim rule in federal court. Accordingly, SafeCard's decision to

sit on its rights during this case should not operate to its prejudice. Nor was there any privity between SafeCard and the plaintiffs in this case, as their interests were adverse, particularly if SafeCard was correct in asserting that the plaintiffs' wrongfully attempted to usurp its rights.

Finally, even if this Court concluded that it could issue an injunction here, Halmos has failed to demonstrate why it *should* do so. As stated by Professors Wright, Miller and Cooper,

> The mere existence of power does not mean that this power is to be exercised as a matter of routine. A party seeking an injunction must always satisfy the usual equitable tests for an injunction of irreparable injury and absence of an adequate remedy at law. In addition, when a federal court is asked to enjoin proceedings in a state court, the fact that the case falls within an exception to § 2283 does not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding."

Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 4226, citing *Mitchum v. Foster*, 407 U.S. at 243, 92 S.Ct. at 2162.

Halmos has not demonstrated his entitlement to equitable relief. First, an adequate remedy at law exists in the nature of a res judicata or collateral estoppel defense to SafeCard's claims. If Halmos could not prevail on either of these defenses, he would not be entitled to an injunction from this Court. Second, Halmos has not shown irreparable harm. Considering the complexity of this controversy, had Halmos sought equitable relief at an earlier stage in the underlying state court proceedings, this Court would have been more inclined to issue an injunction. One of the factors supporting a federal court's issuance of an injunction is the fear that a state court might not have sufficient familiarity with a case at its onset to correctly assess the preclusive effect on an earlier case. Here, however, Halmos has sat on his rights for well over a year, and the parties have conducted extensive discovery. This Court feels secure in concluding that both state court judges are familiar with the facts alleged. While delay in asking for relief from a federal court does not preclude the availability of an injunction, it is one factor to be considered by a court when exercising its discretion. *See* Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 4226 at 548. For the foregoing reasons, the Court concludes that the Defendant Peter Halmos is not entitled to relief in this case.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that the Defendant Peter Halmos' Motion to Enjoin SafeCard Services, Inc.'s Violation of the Court's Final Order of Dismissal is **DENIED**. All other outstanding motions in this case are **DENIED** as moot.

**DONE AND ORDERED.**